Wanamaker, J.
What property rights has the wife in the real property of the husband during the life of both, particularly while living together as husband and wife ?
It is conceded that her property interests in her husband’s real property are declared and defined by statute.
Section 8606, General Code, reads:
“A widow or widower who has not relinguished [relinquished] or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond, or other evidence of claim.”
Section 8607, General Code, reads:
“The widow or widower may remain in the mansion house of the deceased consort, free of charge, for one year, if dower is not sooner assigned. Dower shall not be assigned to a widow or widower in real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, until the termination of the prior estate.”
The universal rule is that the right of either husband or wife in the real property of the other, *333 of which said other died seized, is conditioned solely upon survivorship. If the one claiming such interest die before the one seized of the fee, such death wholly extinguishes such interest. During the life of such consort such interest in realty is usually spoken of as “inchoate right.” Inchoate right is defined by Bouvier — “that which is not yet completed or finished”— and the author states that: “During the husband’s life, a wife has an inchoate right of dower,” citing 2 Blackstone, 130.
It is, in short, merely the beginning of a right that does not ripen unless the one possessing such right in the property of another shall survive.
Now, was the wife a necessary party in the condemnation proceedings had in the probate court of Crawford county? If she was, then by not being made a party her right in the property still exists, and, therefore, she would have no right in the fund. Her right cannot attach to both at the same time.
This question has never been squarely before this court in a condemnation case. However, the property rights of the wife in the real estate of the husband have been before this court in a partition case involving substantially the same question, that of Weaver v. Gregg, 6 Ohio St., 547. That was a case in partition in which the husband of plaintiff was seized as tenant in common of the one undivided fourth of certain lands. The wife of such tenant in common had the “inchoate right of dower?’ The question was, the wife not being a party to the action, did her “inchoate right of dower” pass to the purchaser at partition sale? *334 Did the purchaser take the entire estate free from the right of dower ?
The syllabus in that case reads as follows:
“A sale, under the act ‘to provide for the partition of real estate,’ of an estate held in common, divests the wife of a co-tenant in fee of the estate of her inchoate right of dower therein, and passes the entire estate to the purchaser.”
Judge Brinkerhoff in the opinion ill this case uses the following language:
“Dower is not the result of contract, but is the creature of positive law, founded on reasons of public policy, and subject, while it remains inchoate, to such modifications and qualifications as legislation, for like reasons of public policy, may see proper to impose. Eliza Moore v. The Mayor, Etc., of the City of New York, [8 N. Y.] 4 Selden, 110; in which it was held, that ‘where, in pursuance of an act of the legislature, lands are taken by a municipal corporation for public use, upon an appraisement and payment of their value to the holder of the fee, the corporation acquires an absolute title to them, divested of any inchoate right of dower existing in his wife.’ See also 3 Ohio, 24. * * *
“Now, in case of a sale as provided for in this statute, where the husband is the owner of the fee, and the wife has but a contingent right of dower, how, and to whom, is this distribution of the proceeds of the sale of the estate made? Always, in practice, so far as we know, it is made to the husband, and to him alone. And we think properly; for he is the sole representative of the estate. She *335 has a contingent possibility of interest in it, which may be released, but no property, no actual interest in it which is the subject of grant or assignment. Miller’s Admr. v. Woodson, 14 Ohio, 518. Nor is the value of her possible and contingent interest capable of estimate with any degree of accuracy. Moore v. Mayor, Etc., of New York, ubi sup. And, on this point, we may consider the rule of distribution as settled by the universal and unvarying practice. * * *
“The fact that the wife was not a formal party to the proceeding in partition, does not, we think, at all alter the case. The terms of the statute do not require that she should be made a party, and we see no good reason why it should be required. * * *
“And when the law steps in and divests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of her inchoate right of dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmuted.”
Now if she was not a necessary party, if she did not have such legal or equitable estate in the lands partitioned as to make her a necessary party to the partition suit, upon what principle may it be claimed that the wife was a necessary party to the condemnation suit? In both cases the entire interest of the husband was divested; as much in the condemnation suit as in the partition suit.
The whole interest of her husband is likewise divested under the Weaver case, supra, which case *336 still stands as the law of this state. As. Judge Br inker hoff wisely observes: “And when the law steps in and divests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of her inchoate right of dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmuted.”
Some confusion has arisen in failing to comprehend and apply the full significance of this language. As her interest in the realty was “inchoate,” that is, unavailable to her as a present vested or subsisting interest, so when this real estate was converted to personalty her right therein was still “inchoate,” that is, she did not have a present right to possess it, to seize it, and to use it, because it was still conditioned upon her survivor-ship, the same as her interest in any other personalty of the husband.
It should be noted that Section 11038 et seq., General Code, and the language of these statutes, particularly Section 11042, deal only with “all persons having or claiming an interest, legal or equitable, in the property.” It has long been the well-settled practice in partition suits to make all persons claiming an interest, legal or equitable, in the estate in question, parties to the action, so as to foreclose all interests and give a full and complete title to the premises, but the Weaver case clearly and convincingly declares that the wife has not such an interest, legal or equitable, which requires her to be a party. Her interest in the land in an action to condemn through eminent domain *337 being the same as in action to partition, no good reason can be assigned why she is a necessary party to pass full title to the premises in one action and not in the other.
What are her interests in the fund? As Judge Brinkerhoif well said the right is “inchoate.” May she claim a present pecuniary interest therein? This fund is no different than other personal estate of the husband. No one would claim that she had a right during his lifetime to subject to present possession any part of his personal property to which she might be entitled upon her survivorship.
The soundness of this position is made doubly evident by this supposed case, which might happen any day. Suppose to-day she gets her share in the fund by order of this court. Tomorrow her husband dies. As his surviving widow.she would have her right to again share in the remaining fund, as she would in all other personal and real property. Such a doctrine would give her a double portion as against other interests in the same estate. This policy might prove not only most burdensome to the estate, but grossly unjust and unfair to the interests of the heirs.
Some reliance has been placed upon those cases in which creditors have subjected the estate of the husband to the satisfaction of judgments rendered against him, in which cases the “inchoate” right of dower of the wife was ascertained under the mortality tables and the same exempted from execution. Such judgments, however, clearly proceed out of the humanities of the law, out of a de *338 sire to save something for the wife out of property of the husband that has been wholly extinguished so far as the husband’s interest is concerned, from which he will receive no compensation such as arises from cases of eminent domain or a sale in partition. Equity does not call for an extension of the doctrine so far as to permit the wife to share twice in the proceeds from the sale of realty, either through partition or by reason of condemnation proceedings under eminent domain.
The judgment is reversed.

Judgment reversed.

Nichols, C. J., Jones, Matthias, Johnson, Donahue and Robinson, JJ., concur.